## MARIA L. MORGAN, Respondent, v. WILLIAM H. H. SMITH and another, Appellants.

*Landlord and tenant — action for rent — counter-claim — effect of payment of rent.*

In an action for rent the tenant offered to show, as constituting a counter-claim, that a skylight constructed for the purpose of lighting the demised premises, and an appurtenant thereto, had been covered up by a tenant occupying rooms above, under a lease which gave him a right so to do, and that rent for two years had been paid by defendant under the assurance of his landlord that the obstruction would be removed. The evidence was excluded. *Held*, that the payment of preceding rent did not prevent the tenant from setting up the injuries sustained by this violation of his rights, in an action brought for subsequently accruing rent, especially where the assurances of the landlord had persuaded him to make the previous payments.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, upon a trial of the cause before the court and a jury at Circuit.

The action was brought by the plaintiff to recover from the defendants $2,375, with interest, for one quarter's rent of the ground floor, basement and sub-basement of building No. 738 Broadway, in the city of New York.

The defendants offered to prove certain facts, set forth in the opinion, but the court excluded the evidence offered.

*L. W. Bates*, for the appellants.

*J. A. Godfrey*, for the respondent.

Davis, P. J.:

The skylight constructed for the use of the store leased by plaintiff to the defendants, was an appurtenance to the demised premises. The right to enjoy its use passed under the lease. At the time of making the lease, the light was obstructed by a carpet and billiard table, placed thereon by the tenants of the upper part of the building. I think it was competent to show, not only that the skylight was constructed for the purpose of lighting the floors below, and that it was so pointed out and represented by plaintiff, but also that she, by her agent, represented that the apparent obstruction was temporary and would cease on the occupancy of the store below. The offer was in substance to show that in point of fact the plaintiff by a prior lease had given the tenants of the upper floors the right to stop the use of the light by covering the skylight, and thus had prevented herself from giving possession of the enjoyment of the light under her lease to defendants, as an appurtenant to the premises demised, and that by this act defendants were prevented from such enjoyment during the whole time of their occupancy. This was accompanied by an offer to show the frequent promises of the plaintiff to put defendants into enjoyment of the light; and that the rent of the first two years was paid quarterly as it matured, under the strong assurance of plaintiff that the obstructions should be promptly removed. All this evidence was excluded, apparently because the defendants continued in possession of the store during the period in which the rent accrued for which the suit is brought.

It seems to me the evidence offered ought to have been received. It was not offered with a view to show a different contract between the parties than that expressed in the lease, but to show that defendants had been deprived by the acts of plaintiff of the enjoyment of a valuable appurtenance, to the use of which they were entitled under the terms of the lease, and thereby suffered serious damages which they propose to recover as a counter-claim in this action.

I do not think the payment of the preceding rent prevents the ten-

ants from asserting their rights under the lease and alleging their injuries, when an action is brought for subsequently accruing rents; and that certainly ought not to be the case when the assurances of the landlord have persuaded them to make the previous payments. (*Cook* v. *Soule*, 56 N. Y., 420.)

The judgment should be reversed and a new trial granted, with costs to abide the event.

Daniels and Brady, JJ., concurred.

Ordered accordingly.